STEPHEN P. WILEY, City Attorney
Tom R. Shapiro, Assistant City Attorney
State Bar Nos. 84517, 127383
Post Office Box 1990
Santa Barbara, California 93102-1990
(t)   (805) 564-5326 (f) (805) 897-2532
(e)   tshapiro@santabarbaraca.gov

Attorneys for Defendants Kasi Beutel and Camerino Sanchez

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| TAURINO TORRES,<br><br>    Plaintiff,<br><br>vs.<br><br>KASI BEUTEL, an Individual;<br>CAMERINO SANCHEZ, as Chief of Police, City of Santa Barbara; and Does 1 - 10,<br><br>    Defendants. | CASE NO. CV12-9772-R(CWx)<br><br>**JUDGMENT AND STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Hon. Manuel L. Real, Judge<br>Complaint Filed: October 2, 2012 |

The motion of the Defendants, Kasi Beutel and Camerino Sanchez, as Chief of Police for the City of Santa Barbara, for summary judgment, came on regularly for hearing before this Court on May 20, 2013. Stephen P. Wiley, City Attorney, by Tom R. Shapiro, Assistant City Attorney, appeared for Defendants. No appearance was made on behalf of Plaintiff Taurino Torres.

///

After considering the moving papers and all other matters presented to the Court, and noting that no opposition to the motion was filed, the Court makes the following findings of uncontroverted facts and conclusions of law:

## **UNCONTROVERTED FACTS**

1. On or about December 20, 2010, the California Department of Motor Vehicles sent plaintiff Taurino Torres a Notice of Intent to Suspend which informed him: "YOUR PRIVILEGE TO DRIVE A MOTOR VEHICLE WILL BE SUSPENDED EFFECTIVE MAY 19, 2011.  THIS ACTION IS TAKEN UNDER THE AUTHORITY OF SECTION 17520 OF THE FAMILY CODE BECAUSE YOU ARE NOT IN COMPLIANCE WITH A JUDGMENT OR ORDER FOR CHILD SUPPORT …."

2. On February 4, 2011, at approximately 10:00 p.m., Officer Beutel was on patrol duty for the SBPD, in uniform and driving a marked police vehicle in the 1200 E. block of Carpinteria Street in Santa Barbara, when she observed a silver sports utility vehicle pull directly in front of her and rapidly accelerate.

3. Officer Beutel paced the vehicle on Carpinteria Street at 45 m.p.h. and then observed the vehicle northbound on Milpas Street make two lane changes without signaling and weaving in and out of traffic.

4. Officer Beutel then conducted a traffic stop.

5. The driver, Torres, did not have a valid driver's license in his possession; but had a driver's license in his possession that had expired.

6. During the traffic stop, Officer Beutel checked the California Department of Motor Vehicles ("DMV") database from her in-car computer and with dispatch for the status of Torres's license.

7. The records of the DMV showed that Torres's driver's license was "valid, withheld by the Department of Motor Vehicles."

8. Because Torres's driver's license status was "valid, withheld by the Department of Motor Vehicles", the "withheld" status indicated to Officer Beutel that Torres was not properly licensed.

9. Torres admitted to Officer Beutel during the traffic stop that he had received a notice from the DMV notifying him that his license would be suspended and that he had received a temporary "permit", but that the license he had with him had expired and that he did not have the temporary "permit" with him.

10. Torres also admitted that his driving privileges were withheld from the DMV due to non-payment of child-support.

11. Officer Beutel cited Torres for three violations, unsafe speed, unsafe turn, and violation of California Vehicle Code § 12500(a), for driving without a valid driver's license.

12. Vehicle Code § 12500(a) states that a driver must <u>hold</u> a valid driver's license.

13. Torres's vehicle was towed pursuant to Vehicle Code Section 14607.6(c)(1) which states that the officer shall impound the vehicle if the driver does not produce a valid card license.

14. Torres's vehicle was illegally parked in a red no-parking zone prior to being towed.

///

///

## CONCLUSIONS OF LAW

1. Plaintiff Torres has not established a violation of the Fourth Amendment for Unlawful Search and Seizure against Officer Kasi Beutel because Torres's violation of Vehicle Code Section 12500 justified the impoundment of his vehicle.

2. Even if there had been a constitutional violation, the law supporting such a violation was not clearly established and Officer Beutel could have had a reasonable, albeit mistaken, belief that her conduct was lawful.

3. Officer Beutel is immune from this lawsuit under the doctrine of qualified immunity.

4. Plaintiff Torres has not established a violation of the Fourth Amendment for Unlawful Search and Seizure against Chief Camerino Sanchez sued in his official capacity because there is no evidence or even allegation of custom or practice of violation of federal rights by the City of Santa Barbara as required by *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

5. Summary judgment should be entered in defendants' favor forthwith.

## JUDGMENT

IT IS HEREBY ORDERED that the Defendants' motion is GRANTED, that the plaintiff take nothing, that judgment in favor of Defendants Kasi Beutel and Camerino Sanchez be entered forthwith, and that the defendants recover their costs.

DATED: _May 30, 2013__        _____
　　　　　　　　　　　　　　　　Manuel L. Real
　　　　　　　　　　　　　　　　United States District Court Judge